10153

## LIDE v. HARTSVILLE OIL MILL.

### (98 S. E. 199.)

1. CORPORATIONS—AGENCY—JURY QUESTION.—In action for value of cotton seed delivered by plaintiff to defendant's alleged agent, where defense was that such person was not in fact defendant's agent, existence of agency *held* a question for the jury.

2. APPEAL AND ERROR—HARMLESS ERROR—REVIEW—INSTRUCTIONS.—In action for value of cotton seed delivered by plaintiff to alleged agent of defendant, where defense was that there was no agency, Court's refusal to charge on the law, whereby defendant could have been held on ground of ratification, was not error, where plaintiff did not claim ratification; the elimination of ratification being favorable to defendant.

Before MEMMINGER, J., Darlington, Fall term, 1917. Affirmed.

Action by R. L. Lide against the Hartsville Oil Mill. Judgment for plaintiff, and defendant appeals.

The following are the exceptions referred to in opinion:

(1) Because from the undisputed evidence the relation between McDonald and the defendant was that of buyer and seller, not agency, and his Honor erred in refusing the motion for a directed verdict and the motion for a new trial on said ground.

(2) Because there was no evidence that McDonald was the agent of defendant for the purchase and exchange of cotton seed, or that McDonald so acted for defendant, or that defendant held McDonald out to the public as such, and his Honor erred in refusing defendant's motion for a directed verdict and the motion for a new trial on said ground.

(3) Because his Honor erred in refusing to charge defendant's fourth request to charge, which was duly preferred, and in charging the jury in lieu thereof as follows: "Then comes a general statement of the law in respect to

ratification of agency, which has no application here at all, and there is absolutely no use in consuming time in reading it"—said request being the following: "It is a settled principle of law that a principal is not liable for the unauthorized acts of his agent unless these acts are subsequently ratified by the principal. Therefore, even if you should find that the relation of agency existed between McDonald and the defendant, yet, before you could find the defendant liable, you would have further to find from the evidence, and the greater weight thereof, that McDonald was authorized by the defendant, and was held out to the public by the defendant as its agent for the purchase and exchange of cotton seed, or, if the acts alleged in the complaint were unauthorized, that the defendant subsequently ratified the same.

Specifications of Error: (a) It was erroneous and highly prejudicial to refuse to charge the jury that a principal is not liable for the unauthorized acts of his agent unless these acts are subsequently ratified by the principal, because there was direct and emphatic evidence that defendant refused to ratify the very transaction alleged in the complaint when the same was called to its attention by the plaintiff.

(b) The jury were thus virtually instructed to disregard the following vital testimony of witness, Lawton: "Q. Mr. Lawton, will you state whether or not Mr. Lide asked you the pointblank question whether he was your agent? A. That is my recollection. He said, 'Isn't Mr. McDonald your agent?' and I said, 'No; he is not our agent at all.'"

(c) There being no evidence that McDonald was authorized by defendant or was held out to the public by defendant as its agent for the purchase and exchange of cotton seed, it was prejudicial error to refuse specifically to charge the jury as requested in that respect.

(4) Because his Honor erred in refusing to construe the written contract between defendant and McDonald which was admitted to be the only contract between defendant and

the alleged agent; whereas, his Honor should have construed said instrument in writing and directed a verdict accordingly.

(5) Because his Honor erred in holding that there was any conflict of testimony, it being respectfully submitted that there was no conflict in the testimony, and, therefore, only a matter of law upon which it was the duty of the Court to direct a verdict.

(6) Because, in any event, plaintiff in dealing with McDonald acted at his peril, and was bound to ascertain, not only the facts of agency, but the nature and the extent of the authority, it not being within the power of McDonald to bind defendant by evidence which he alone may have put forward as to his authority. There being no evidence at all imputable to defendant tending to show agency, his Honor erred in refusing defendant's motion for a directed verdict.

We hereby agree that the foregoing is the case for appeal to the Supreme Court, and that a printed copy thereof shall constitute the return required by law.

*Messrs. Miller & Lawson,* for appellant, submit: *That, upon the undisputed evidence, the relation of buyer and seller, not agency, existed between McDonald and defendant, for which reason his Honor should have directed a verdict or granted a new trial:* 138 S. W. 156; 2 Corpus Juris 425; 55 Am. Dec. 456; Mechem on Agency, vol. I, sec. 45; 59 Am. Rep. 541; 137 Fed. 586; 102 U. S. 235; 26 L. Ed. 160; 2 Corpus Juris, pp. 424, 425, 437; 31 Cyc. 1193; 83 S. C. 228; 31 S. C. 378; 73 S. C. 213; 1 Mechem on Agency, sec. 44, *et seq.;* 246 Pa. 881; Mechem on Sales, sec. 41. *The trial Judge should have construed the written contract:* 17 S. C. 477; 24 S. C. 359; 31 S. C. 378; 46 S. C. 220; 59 S. C. 591; 66 S. C. 18. *There being no conflict of testimony his Honor should have directed a verdict for defendant:* 104 S. C. 152. *Plaintiff in dealing with McDonald acted at his peril, and was bound to ascertain not only the fact of agency, but the nature and the extent of the author-*

*ity, it not being within the power of McDonald to bind defendant by evidence which he alone may have put forward as his authority:* 1 Mechem on Agency, sec. 743; 3 Cush. 511; Mechem on Agency, vol. I, sec. 758; 1 Mechem on Agency, sec. 750; (Mich.) 21 Am. St. 563, and note; (Mich.) 4 Am. St. 885, and note.

*Messrs. E. C. Dennis* and *J. Monroe Spears,* for respondent. *Mr. Dennis* submits: "*In doubtful cases the question must be determined upon a review of all that passed between the parties before and contemporaneously with the dealings under consideration whether the relation created is that of principal and agent or seller and buyer:* 31 Cyc. 1205; 31 Cyc. 1237. *It is the duty of an agent to inform his principal of all material facts, and a principal is affected with knowledge of all material facts of which the agent receives notice or acquires knowledge, which, acting in the course of his employment, and within the scope of his authority, although the agent does not in fact inform his principal thereof:* 31 Cyc., p. 1587. *An agency created by writing does not preclude evidence by parol to show a further special agency to do a particular act:* 7 Rich., p. 45. *It is competent to prove by parol an agent's authority to make a contract to buy land for his principal:* 72 S. C. 556. *If the evidence be conflicting as to whether an agency is limited, it is not proper for Judge to instruct jury that agent was not authorized to make contract in question. There being competent evidence on the issues in this case, it would have been improper to direct verdict, and it is not error of law to refuse a new trial:* 73 S. C. 48. *Agency is a question of fact for the jury:* 56 S. C. 120. *A principal who contends that his agent has acted outside of the scope of his instructions, must show it by the preponderance of the evidence:* 47 S. C. 139.

February 4, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to recover $400, the value of certain cotton seed delivered by plaintiff to J. L. McDonald, the alleged agent of the defendant, for the purchase and exchange of cotton seed and whom it was alleged defendant held out to the public as its agent for said purchase, all of which defendant denied. The case was tried by his Honor, Judge Memminger, and a jury, at the Fall term of Court, 1917, for Darlington county. The defendant moved for a directed verdict, which was refused. The jury rendered a verdict in favor of plaintiff for full amount claimed. After entry of judgment, defendant appealed, and by six exceptions alleged error, and asked reversal. Exceptions 1, 2, 4. 5, and 6 are all based upon the contention that the Court should have directed a verdict for the defendant.

An examination of the evidence discloses a great deal of testimony that should have been submitted to the jury, whether McDonald was the agent of the defendant generally, or acted as their agent in this particular case. There is no doubt that McDonald acted for them in getting Lide's seed, and turned the seed over to the defendant. There is evidence that defendant authorized McDonald to make a special agreement with Lide, with reference to the exchange of seed for meal. Lide acted with good faith, and had every reason, under the evidence in the case, to think he was dealing with the defendant, and not McDonald alone. The evidence was such that the Court could not have disregarded it, and directed a verdict for the defendant as asked for. There was evidence that the defendant had permitted McDonald to appear as its agent for this particular trade with the plaintiff, and the plaintiff, in good faith, dealt with McDonald on the faith of this appearance, and, agency being a question of fact for the jury, and there being competent evidence on this issue in the case, his Honor committed no error in submitting the case to the jury, and these exceptions are overruled.

Exception 3, which imputes error in the Court's refusal to charge defendant's fourth request, is overruled. When his Honor eliminated ratification, it was favorable to the defendant. The defendant could have been held either as agent, or that it had ratified what had been done, but plaintiff did not claim ratification. His Honor's charge fully covered the law applicable to the case, and is free from error in the particulars complained of. This exception is overruled.

Judgment affirmed.

Messrs. Justices Hydrick, Fraser and Gage concur.

Mr. Chief Justice Gary did not sit.